# STATE OF TENNESSEE
## MAURY COUNTY

### CIRCUIT COURT AT COLUMBIA, TENN.



If you have a disability & require assistance, please Call 931-375-1100

**BOBBY SMITH**

**Plaintiff**

**VERSUS**

**JAMES KEATON WOODS d/b/a WOODS LAND MANAGEMENT**

**Defendant**

Number __18134__

CIRCUIT COURT
ALIAS SUMMONS

**JAMES KEATON WOODS**

TO _c/o Lucas E.W. Jerkins, JERKINS LAW, PLLC, 2001 Campbell Station Pkwy, Ste A3, Spring Hill, TN 37174_

Defendant in the above entitled civil action:

You are hereby summoned, and required to serve upon_ **Carrie LaBrec, BPN No. 26865**

plaintiff's attorney whose address is **MORGAN & MORGAN - NASHVILLE, PLLC, 150 4th Ave. North, Suite 300, Nashville, TN 37219**

an answer to the **Complaint for Damages**

which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney.

In case of your failure to defend this action by above date, judgement by default can be rendered against you for the relief demanded in the complaint.

Attested to on date issued _____ SANDY MCLAIN

Issued:___ **7/24/25** ___

By:___ _Sandy Mclain /AG_ ___

Circuit Court Clerk,

D.C.

### NOTICE

**TO THE DEFENDANT (S):**

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTORNEY FOR PLAINTIFF_____

ADDRESS_____

OR

PLAINTIFF'S ADDRESS_____

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**SANDY MCLAIN**

Circuit Court Clerk

Received this summons for service this _____day of _____

CIR-02

**EXHIBIT**

**2**

# RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the_____ day of_____, I

☐ served this summons and complaint/petition on_____

_____in the following manner:

_____

☐ failed to serve this summons within 30 days after its issuance because:_____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the_____ day of_____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No._____ to the defendant, _____. On the_____ day of_____ I received the return receipt for said registered or certified mail, which had been signed by_____ on the _____day of_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS_____

DAY OF_____.

_____

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES:_____

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MAURY

(To be completed only if copy
certification required).

I, Sandy McLain, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

SANDY MCLAIN, CLERK

By:_____D.C.

IN THE CIRCUIT COURT FOR MAURY COUNTY, TENNESSEE
AT COLUMBIA

BOBBY SMITH,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        DOCKET NO: 18134
                                      )
JAMES KEATON WOODS d/b/a              )        JURY DEMANDED
WOODS LAND MANAGEMENT,                )
                                      )
        Defendant.                    )

COPY

## COMPLAINT FOR DAMAGES

Plaintiff states:

1. The Plaintiff, Bobby Smith, (herein after "Plaintiff") is a citizen and resident of Mount Pleasant, Maury County, Tennessee

2. Defendant, James Keaton Woods d/b/a Woods Land Management, (herein after "Defendant") is a citizen and resident of Maury County, Tennessee, and is the owner, manager, operator of Woods Land Management, located at 3209 Campbellsville Pike, Columbia, TN 38401-5926.

3. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101(a) because the cause of action arose in this county.

4. In August 2024, Plaintiff and his parents rented a skid steer from the Defendant for the purpose of using the equipment for land clearing on their property in Maury County, TN.

5. At all relevant times, the Defendant was responsible for maintaining, inspecting, and ensuring the safe operating condition of the skid steer.

6. The Defendant negligently failed to inspect, maintain, repair, and/or warn of defects in the skid steer before renting it to Plaintiff.

7. Specifically, prior to delivering the skid steer to the Plaintiff's family, the Defendant failed to insert bolts in the protective structure of the enclosed cab of the operator station to ensure that the structure was secure.

1

Case 3:26-mc-09999   Document 13-3   Filed 01/06/26   Page 3 of 5 PageID #: 574

8. As a direct result of Defendant's failure to maintain the equipment in a reasonably safe condition, while the Plaintiff was operating the skid steer on his family's property and hit a bump, the top of the skid steer cab suddenly released, raised up, and slammed back down on Plaintiff's legs, causing the Plaintiff to suffer catastrophic and painful injuries.

9. Plaintiff was operating the skid steer in a foreseeable and ordinary manner and was unaware of any hidden or latent defects and was unaware that bolts were missing from the cab enclosure.

10. The malfunction and resulting injuries were directly and proximately caused by Defendant's negligent maintenance, inspection, and/or failure to warn.

## COUNT I – NEGLIGENCE

11. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

12. Defendant owed a duty to Plaintiff to exercise reasonable care in the inspection, maintenance, and rental of equipment, including the skid steer at issue.

13. Defendant breached this duty by negligently failing to inspect, maintain, and/or repair the equipment and failing to warn Plaintiff of any known or reasonably discoverable defects.

14. As a direct and proximate result of Defendant's negligence, Plaintiff suffered physical injuries, pain and suffering, medical expenses, lost wages, and other damages.

## COUNT II – NEGLIGENT FAILURE TO WARN

15. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

16. Defendant knew or should have known of the dangerous condition or defect in the skid steer and failed to warn Plaintiff of the same.

17. Defendant's failure to warn was a proximate cause of Plaintiff's injuries and damages.

## DAMAGES

18. As a result of the foregoing, Plaintiff seeks compensatory damages for:

    a. Past and future physical pain and suffering;

    b. Medical expenses (past and future);

2

c. Lost wages and diminished earning capacity;

d. Emotional distress;

e. Loss of enjoyment of life;

f. Permanent injuries and impairments;

g. Permanent scarring and disfigurement;

h. Any and all other damages to which Plaintiff is entitled under Tennessee law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

19. That proper process issue and be served upon the Defendant;

20. That Plaintiff be awarded compensatory damages in an amount to be determined by a jury, not to exceed the jurisdictional limits of this Court;

21. That a jury be empaneled to hear this cause;

22. That Plaintiff be awarded all costs, interest, and such other relief as this Court deems just and proper.

Respectfully Submitted,

MORGAN & MORGAN – NASHVILLE, PLLC

Carrie LaBrec, BPR No. 26865
150 4th Ave. North, Ste. 300
Nashville, Tennessee 37219
Phone: (615) 780-6490
Fax: (615) 780-6495
clabrec@forthepeople.com
*Attorney for Plaintiff*

3