# EXHIBIT 4

## April 22, 2026 Cease-and-Desist Letter to Navigate Realty, LLC

**McGuireWoods**

**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

**Heidi E. Siegmund**
Direct: 804.775.1049
hsiegmund@mcguirewoods.com
Fax: 804.698.2315

April 22, 2026

*Via FedEx and E-Mail*

Tiffany Williamson
President
Navigate Realty
7701 Six Forks Road, Suite 110
Raleigh, NC 27615

**Re:     Cease and Desist: Violations of Mark Spain Real Estate
Leadership Team Confidentiality Agreement**

Ms. Williamson:

We represent Higher Tech Realty NC, LLC d/b/a Mark Spain Real Estate ("Mark Spain"). We write to advise you of our concerns regarding Navigate Realty's decision to hire four of Mark Spain's former employees—Ryan Byerly, Ron Conner, Brittanie Johnson, and Jan Cooper (collectively, "Former Employees")—and demand that you cease and desist in your conduct violating Mark Spain's contractual rights. Enclosed are copies of the letters we are contemporaneously sending to the Former Employees, which include a copy of the Leadership Team Confidentiality Agreement and Agreement Not to Compete ("Agreement") entered into by each Former Employee.

Each Agreement contains non-competition, non-solicitation, and confidentiality and trade-secret provisions. The Former Employees' actions have violated each of these provisions, and continue to do so, despite receiving multiple notices from Mark Spain. In doing so, some of the Former Employees have also likely engaged in computer trespass, conversion, and unfair and deceptive trade practices.

Moreover, Mark Spain has previously notified Navigate of its concerns, and has yet to receive any meaningful response. Given Navigate's willful failure to honor, and ongoing interference with, the Former Employees' contractual obligations to Mark Spain, Mark Spain intends to initiate legal action and pursue all appropriate remedies absent timely and complete compliance with the demands outlined below.

## Violations of Non-Competition Provision

Under Provision II.1(e-2), each Former Employee agreed to "not, without the prior written consent of [Mark Spain], … engage in … Leadership Team Member Services which are the same or similar in nature for any Competing Business in the Territory" for a period of two years after their employment with Mark Spain. Under the Agreement, Leadership Team Member Services encompass a wide variety of activities related to real estate sales and client services. A Competing Business is one engaged in "a business substantially the same as" Mark Spain. The relevant Territory includes North Carolina and Tennessee.

All four Former Employees are violating Provision II.1(e-2). Mr. Byerly is a Regional Sales Manager based in Navigate's Raleigh office; Ms. Johnson is a Director of Agent Success also based in Navigate's Raleigh office; Mr. Conner is the Director of Sales for the Greensboro office; and Ms. Cooper is Vice President of Sales & Recruiting and based in Tennessee. Each of these roles necessarily encompasses tasks and duties designated as Leadership Team Member Services under the Agreement.[1] Moreover, Navigate Realty is engaged in the real estate business, just like Mark Spain, within the relevant Territory, North Carolina and Tennessee. And each Former Employee left their employment with Mark Spain less than two years ago. Plainly, then, each is in violation of Provision II.1(e-2).

## Violations of Non-Disclosure of Confidential Information Provision

Under Provisions II.1(a) and II.1(b), each Former Employee agreed to not "use, copy, duplicate, transfer, transmit, disclose," or share with third parties trade secrets or confidential information. Trade secrets span a wide array of business and technical information. Confidential information includes any information that "is of a special and unique nature and has tangible or intangible value," "includ[ing] the extraordinary and specialized training provided by [Mark Spain] … and work product of the Company."

The Former Employees have violated these provisions in numerous ways. It is my client's understanding that, on or about March 3, 2026, Mr. Byerly and Ms. Johnson attended a happy hour at The Angus Barn at which they displayed an email containing Mark Spain's confidential information and proprietary trade-secret data. In addition, in the weeks leading up to Ms. Cooper's departure, she accessed and/or downloaded nearly *300 files* containing highly confidential and sensitive Mark Spain

---

[1] Specifically, Leadership Team Member Services include "(i) managing and organizing real estate agents and staff, (ii) recruiting and selecting new employees, (iii) revenue generation, (iv) limited agent/staff contract terminations, (v) attending meetings, team and staff retention, (vi) sales forecasting, (vii) handling customer/client issues, (viii) taking responsibility for sales retention, (ix) sales forecasting, (x) [b]rand building, (xi) [c]ompany culture building, (xii) handling and solving customer issues and complaints, (xiii) quality control of real estate listings, (xiv) meetings with the [c]ompany's executive team, and (xv) one on one meetings with team members."

data—including training materials and sales performance data. Further, Ms. Johnson accessed confidential work product following her departure from Mark Spain and still has not returned her company laptop. By downloading, retaining, sharing, and using this information, the Former Employees have violated Provisions II.1(a) and II.1(b) of their Agreements.

## Violation of Non-Solicitation Provision

Under Provision II.1(d), each Former Employee agreed to not "solicit, divert, or recruit any employee … of [Mark Spain] to leave such employment" for a period of two years after their employment with Mark Spain. It is our client's understanding that at least Mr. Byerly and Ms. Johnson have either directly or indirectly solicited numerous employees and agents from Mark Spain's Raleigh, North Carolina, office. At least some of this solicitation appears to be taking place through an intermediary—a former Mark Spain agent, Andrea Reeves. But Ms. Reeves agreed that she would not, "for a period of two (2) years, … directly or indirectly, on [her] own behalf or in the service or on behalf of others, … recruit any employee, contractor, or agent" of Mark Spain. Thus, Ms. Reeves' conduct similarly violates her agreement and must cease immediately. And as at least seven Mark Spain agents have already joined Navigate Realty, the Former Employees have clearly violated Provision II.1(d).

## Conversion and Computer Trespass

Under North Carolina law, there are "two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012) (internal quotation marks omitted). Likewise, both North Carolina and federal law prohibit accessing computer data without authorization. *See* N.C. Gen. Stat. 14-458(a); 18 U.S.C. § 1030.

Several of the Former Employees have likely committed conversion and computer trespass. As noted above, it is our client's understanding that Ms. Johnson and Ms. Cooper have downloaded and retained emails that include Mark Spain's proprietary training information. In addition, Ms. Johnson has retained her company laptop. Because neither Ms. Johnson or Ms. Cooper had the right to possess this information following their employment, they have converted that material. Moreover, evidence suggests that Ms. Johnson accessed Mark Spain's proprietary information *following her departure* from Mark Spain, constituting computer trespass.

## Violations of Unfair and Deceptive Trade Practices Act

The Former Employees' conduct may constitute, among other things, an unfair and deceptive trade practice, actionable under N.C. Gen. Stat. § 75-1.1. In soliciting

employees from Mark Spain, the Former Employees have disrupted Mark Spain's business relationships, contracts, and revenue stream. In addition, the Former Employees have taken confidential information and proprietary trade-secret data to try to steal Mark Spain's successful formula and practices for use at Navigate. A successful claim showing willful and knowing conduct under N.C. Gen. Stat. § 75-1.1 entitles Mark Spain to treble damages and mandatory attorney's fees.

## Demands

By hiring the Former Employees in violation of their Agreements, and continuing to employ the Former Employees despite notice from Mark Spain concerning the contractual violations such employment entails, Navigate has exposed itself to potential liability for tortious interference with contract, unfair and deceptive trade practices, conspiracy, and other claims. Mark Spain thus demands that Navigate immediately cease and desist from interfering with Mark Spain's business relationships and contracts by:

1. Instructing all Former Employees to resign or face immediate termination;

2. Preserving all documents and electronically stored information connected with its hiring of the Former Employees;

3. Prohibit all other former Mark Spain employees and agents working for Navigate from soliciting Mark Spain employees or agents to work for Navigate and/or inducing such agents or employees to end their relationships with Mark Spain; and

4. Giving an independent IT professional immediate access to the Former Employees' Navigate-owned equipment to determine if any of them accessed, used, disclosed, or transferred Mark Spain's confidential information or trade secrets and to facilitate the return of such confidential information and trade secrets.

This letter should further serve as notice of Navigate's legal obligation to retain and not alter, modify, or destroy any and all information in Navigate's possession, custody, or control, including on computers, servers, or electronic storage devices owned or controlled by Navigate that may be relevant to this matter. Please note that Navigate's preservation obligations extend to all electronic means of storing data, including iCloud, Sharepoint, Google Drive, and the like. Additionally, Navigate has a duty to preserve any computer or other device that contains, has contained, or has been used to access Mark Spain's information or materials or to which any electronic storage device containing Mark Spain's information or materials has been attached.

Nothing in this letter is intended or should be construed as any type of express or implied waiver or limitation of any of Mark Spain's rights, claims, remedies, or defenses in connection with this matter. On the contrary, Mark Spain reserves the right to seek all legal and equitable remedies for any breaches of the Former

Employees' Agreements and/or violations of applicable law. Those remedies include, but are not limited to, monetary damages (including reasonable attorneys' fees) and preliminary and permanent injunctive relief.

Please confirm receipt of this letter and your intention to comply with the demands above **no later than Monday, April 27, 2026**.

We appreciate your attention to this matter.

Sincerely,

Heidi E. Siegmund